Following a jury trial in the Dorchester Division of the Boston Municipal Court, the defendant was convicted of larceny under $250. On appeal, she claims that the trial judge erred by (1) depriving her of the opportunity to question a potential juror for bias, and (2) not excusing that same juror for cause. We affirm.
Background.[2] At the beginning of the jury empanelment process, the judge informed the parties that she would ask the entire venire a series of questions, after which she would conduct an individual voir dire of the jurors who responded affirmatively to the questions by raising their hands. Thereafter, as the judge explained, the parties would have the opportunity to pose their own questions "about whatever issue."
The process proceeded uneventfully until the judge questioned juror no. 6, who had raised his hand when the judge asked whether any juror knew the defendant, the attorneys, or any of the witnesses. During the subsequent individual voir dire, juror no. 6, who was employed as a police officer, told the judge that he did not know the police witnesses in the case by name, but he had seen them before. He also told the judge that he had been a police officer for thirty years and had previously testified in the same court house but did not know anyone in the court room. The judge then asked, "Is there anything about your experience as a police officer for thirty years that would make it difficult for you to be a fair and impartial in this case?" The juror answered, "No." The judge continued to question the juror and asked whether he would "be able to keep an open mind, listen to the evidence and then apply the law as [the judge] instruct[ed] the jury?" The juror replied, "That's correct." The judge then turned to the attorneys and asked if "anybody [had] any follow-up questions." The prosecutor asked the juror about his or any family member's experience working in retail jobs handling cash.[3] After the juror responded to the question, the judge told him to take a seat in the jury box, upon which defense counsel moved to strike the juror. The judge asked counsel for an explanation, however, counsel's response was inaudible.
Thereafter, the following exchange between the judge and defense counsel ensued:
THE COURT : "Well, you had the opportunity to question him as to whether or not he felt that anybody who made a report of a crime is telling the truth, because I asked if anybody had any follow-up questions about my conversations with him as a police officer and you didn't have any follow-up questions."
"He was very unequivocal when he stated that he would be able to be open-minded. I would imagine, in [thirty] years of his experience as a police officer, he is aware that sometimes people don't tell the truth and probably weighs credibility on a daily basis."
"So I note your objection for the record, but I find him to be fair and impartial."
[ DEFENSE COUNSEL ]: "Would Your Honor allow him to come back to ask him --"
THE COURT : "No."
[ DEFENSE COUNSEL ]: "Thank you."
The remaining jurors were seated and the parties were given an opportunity to exercise their two peremptory challenges. Defense counsel challenged jurors nos. 6 and 27. After these two jurors were replaced, the judge asked whether the parties were content with the jury, and defense counsel responded, "Defendant is content." Defense counsel did not ask for additional peremptory challenges.
Discussion. The Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights "guarantee the right of a criminal defendant to a trial by an impartial jury." Commonwealth v. Andrade, 468 Mass. 543, 547 (2014). "[P]art of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors." Commonwealth v. Dabney, 478 Mass. 839, 848 (2018), quoting Morgan v. Illinois, 504 U.S. 719, 729 (1992). "The scope of voir dire rests in the sound discretion of the trial judge, and a determination by the judge that a jury are impartial will not be overturned on appeal in the absence of a clear showing of abuse of discretion or that the finding was clearly erroneous." Commonwealth v. Lopes, 440 Mass. 731, 736 (2004). Even under attorney-conducted voir dire, the scope of questioning remains in the discretion of the judge. Dabney, supra at 848.
The defendant first asserts that the judge improperly prevented her attorney from questioning juror no. 6 for bias. We agree with the Commonwealth that the record does not support this argument. To the contrary, as the judge observed, she had given defense counsel an opportunity to ask follow-up questions.
Next, the defendant argues that juror no. 6 should have been excused for cause. The judge did not abuse her discretion in determining juror no. 6 to be fair and impartial. In examining the juror, the judge was in the best position to evaluate his credibility. Based on the judge's observation of juror no. 6 during voir dire and the juror's explicit assurances that he could be impartial, the judge was entitled to make a finding of impartiality. See Lopes, 440 Mass. at 736. More fundamentally, as the Commonwealth notes in its brief, the defendant has failed to show that, as a result of exercising a peremptory challenge on juror no. 6, she was forced to accept a juror whom she would have challenged. As a result, there was no prejudice. See Commonwealth v. McCoy, 456 Mass. 838, 842 (2010) ("[P]rejudice generally is shown by the use of a peremptory challenge to remove the juror who allegedly should have been excused for cause together with evidence that the defendant later was forced to accept a juror he would have challenged peremptorily but was unable to because his peremptory challenges had been exhausted"). See also Commonwealth v. Nelson, 91 Mass. App. Ct. 645 (2017) (where defendant "did not use available peremptory challenge on juror" who was not excused for cause and "did not ask for additional peremptory challenges, and affirmatively accepted the jury," there was no prejudice).
Judgment affirmed.

The facts upon which the conviction rests are not relevant to the issues on appeal; therefore, we do not recite them.

The prosecutor asked this question of all potential jurors as it related to the underlying facts of the offense.